UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAILAH GARY,

                Plaintiff,

        - against -

CITY OF NEW YORK, OFFICER ROHAN LUMSDEN, OFFICER JOSEPH DIAZ, SERGEANT JAMES BOYLE, MANHATTAN COLLEGE, and JUAN CEREZO,

                Defendants.

**OPINION AND ORDER**

18 Civ. 5435 (ER)

Ramos, D.J.:

On June 15, 2018, Defendants Manhattan College and Juan Cerezo (collectively, the "College Defendants") filed a notice of removal, seeking to remove Plaintiff Nailah Gary's civil action against them from the Supreme Court of New York, Bronx County, to this District. *See* Doc. 1. Before the Court is Gary's unopposed motion to remand pursuant to Title 28, United States Code, Sections 1446 and 1447. *See* Doc. 6. For the reasons stated below, Gary's motion is GRANTED.

**I. BACKGROUND**

The relevant facts are undisputed. On April 23, 2018, Gary filed a civil action in the Supreme Court of New York, Bronx County, against the City of New York, several officers of the New York City Police Department (collectively with the City of New York, the "City Defendants"), and the College Defendants. *See* Doc. 1. Gary served all defendants with a summons and a copy of the Complaint on May 16, 2018. *Id.* ¶¶ 2, 6.

The College Defendants filed a notice of removal on June 15, 2018. *Id.* In their notice, and specifically under a section titled "All Known Defendants Join in Removal," the College Defendants stated the following: "On June 4th, 6th, 7th, 11th, 13th, and 14th, 2018, we contacted the City Law Department regarding [City Defendants'] consent for removal of this action. *We have yet to receive a response on this issue*." *Id.* ¶ 14 (emphasis added).

Gary filed a motion to remand on July 5, 2018, arguing that removal was improper because the College Defendants failed to procure the consent of the City Defendants. *See* Docs. 6–7. Neither the College Defendants nor the City Defendants responded to Gary's motion.

## II. DISCUSSION

### A. Legal Standard

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The Second Circuit has clearly explained that federal courts should construe this statute narrowly, resolving any doubts against removability, "[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments." *Lupo v. Human Affairs Int'l, Inc.,* 28 F.3d 269, 274 (2d Cir. 1994) (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir. 1991), *superseded on other grounds by rule as stated in Contino v. United States*, 535 F.3d 124, 126–27 (2d Cir. 2008)). Such strict construction of the removal statute also aids in avoiding "litigation about matters peripheral to the merits of lawsuits." *Payne v. Overhead Door Corp.*, 172 F. Supp. 2d 475, 477 (S.D.N.Y. 2001) (quoting *Berrios v. Our Lady of Mercy Med. Ctr.*, No. 99 Civ. 21 (DLC), 1999 WL 92269, at *3 (S.D.N.Y. Feb. 19, 1999)).

The party seeking removal bears the burden of proving that the jurisdictional and procedural requirements of removal have been met. *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 436 (S.D.N.Y. 2006) (citing *Mehlenbacher v. Akzo Nobel Salt, Inc.,* 216 F.3d 291, 296 (2d Cir. 2000)). Such an approach is "warranted because removal abridges the deference courts generally give to a plaintiff's choice of forum." *Groman v. Cola*, No. 07 Civ. 2635 (RPP), 2007 WL 3340922, at *3 (S.D.N.Y. Nov. 7, 2007) (internal quotation marks omitted).

A defendant must file a notice of removal within thirty days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . or within [thirty] days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). In addition, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Section 1446(b)(2)(A) does not speak to how long a defendant has to join or consent to removal initiated by another defendant. However, "the removal statute has consistently been interpreted to require that all defendants consent to removal within the thirty[-]day period." *Payne*, 172 F. Supp. 2d at 477. This is known as the rule of unanimity, generally requiring each defendant to provide unambiguous, written consent to the Court before the thirty-day period expires. *Id.* Consent communicated among defendants is insufficient. Rather, "each defendant must notify the Court of its consent prior to the expiration of the thirty-day period for the removal petition to be timely." *Berrios*, 1999 WL 92269 at *2.

If any defect in the removal procedure occurs, courts are authorized to remand a case to the state court in which the action originated. 28 U.S.C. § 1447(c); *see also LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 72 (2d Cir. 1994). While a procedural defect in

removal does not deprive a federal court of jurisdiction, all doubts as to the procedural validity of removal will be resolved in favor of remand. *Somlyo*, 932 F.2d at 1046; *see also Codapro Corp. v. Wilson,* 997 F. Supp. 322, 325 (E.D.N.Y. 1998) ("There is nothing in the removal statute that suggests that a district court has 'discretion' to overlook or excuse prescribed procedures." (internal quotation marks and citation omitted)). As is true of sustaining a removal action generally, the removing party bears the burden of demonstrating that the removal was procedurally proper. *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 171 (S.D.N.Y. 2003) (citation omitted). If the removing party fails to meet this burden, the case must be remanded. *Id.*

Thus, in a multi-defendant case where all defendants must provide the court with written, unambiguous consent to removal within the thirty-day period, a "[f]ailure to do so amounts to a procedural defect in the removal process and justifies a remand by the federal court." *Thomas & Agnes Carvel Found. v. Carvel*, 736 F. Supp. 2d 730, 740 (S.D.N.Y. 2010). The gravamen of the foregoing cases is that each removing defendant must provide the federal court with a clear and timely statement of its intent to subject itself to federal jurisdiction. Failure to do so, or to do so in a way that is equivocal or ambiguous, renders the purported consent a nullity.

### B. College Defendants' Notice of Removal Lacks Unambiguous Consent

In this case, removal by the College Defendants is plainly improper. The text of Section 1446(b)(2)(A) is clear: "When a civil action is removed solely under [S]ection 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Here, the College Defendants base removal upon Section 1441(a) solely.[1] Therefore, Section 1446(b)(2)(A) and the rule of unanimity apply. And it is undisputed that the

---

[1] To be sure, College Defendants also purport to remove pursuant to 28 U.S.C. § 1446. However, Section 1446 provides the *procedure* for removal; it does not provide an independent *basis* for removal. Accordingly, the Court finds that College Defendants' notice of removal is based solely upon Section 1441(a).

4

City Defendants were "properly joined and served" in the civil action prior to removal. Therefore, College Defendants needed to procure unambiguous consent from the City Defendants. Yet, as the College Defendants admit, the City Defendants did not provide consent *at all*—ambiguous or otherwise.[2] Consequently, a remand to the state court is appropriate.

### III. CONCLUSION

For the reasons stated above, Gary's motion to remand is GRANTED. The Clerk of Court is respectfully directed to terminate the motion, Doc. 6, and to remand the action back to the Supreme Court of New York, Bronx County.

It is SO ORDERED.

Dated: October 26, 2018
New York, New York

Edgardo Ramos, U.S.D.J.

---

[2] Notably, counsel for Defendant City of New York noticed an appearance before the Court soon after Gary filed a motion to remand, but the City has yet to join or consent to the College Defendants' removal.

5